IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WONSLEY PLAZA, LLC<br>　　*Plaintiffs,*<br><br>v.<br><br>NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:23-cv-00479 |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Wonsley Plaza, LLC v. Nationwide General Insurance Company*; Cause No. D-1-GN-23-001633; In the 345th Judicial District of Travis County, Texas.

### I.
### BACKGROUND

1. Plaintiff Wonsley Plaza, LLC (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. D-1-GN-23-001633; In the 345th Judicial District of Travis County, Texas on March 24, 2023 (the "State Court Action"). *See* Plaintiff's Original Petition with Citation, attached as Exhibit A.

2. Defendant appeared and answered on April 27, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as Exhibit B.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt.

4.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 345th Judicial District Court of Travis County, Texas.

5.    Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

7.    Plaintiff Wonsley Plaza is a limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on a diligent search of publicly available information, the sole member of Plaintiff is Keith H. Lamy. Upon information and belief, and after a diligent search of publicly available information, Keith H. Lamy is a resident of the State of Texas and is domiciled within the State of Texas. No other members of Plaintiff were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members of Plaintiff share the citizenship of Nationwide. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.  Defendant Nationwide General Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9.  Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

10. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

11. It is facially apparent in this case that the amount in controversy exceeds $75,000. Here, Plaintiff seeks "monetary relief over $250,000 but not more than $1,000,000." **Exhibit A**, Plaintiff's Original Petition with Citation, at § - Prayer. In this case, Plaintiff seeks damages for "the amount of the claim," attorney's fees, statutory interest pursuant to the Texas Insurance Code, and exemplary damages. *Id.* at ¶¶ 45-49. Plaintiff has also alleged that Defendant's conduct

3

was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541. *Id.* at ¶ 46; Tex. Ins. Code sections 541.002 & 541.152.

12. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

13. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANYW**

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 27th day of April, 2023 to:

David M. Anderson                                *#9414 7266 9904 2137 9621 88*
Stephen P. Carrigan
Carrigan & Anderson, PLLC
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
wwatson@ccatriallaw.com
rkubik@ccatriallaw.com
egutierrez@cctriallaw.com

and

Stephen J. Novosad
The Novosad Law Group, PLLC
54 Sugar Creek Center Blvd., Ste. 309
Sugar Land, Texas 77478
stephen@novosadlawgroup.com

                                               */s/ Patrick M. Kemp*
                                               Patrick M. Kemp