IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WONSLEY PLAZA, LLC §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>NATIONWIDE GENERAL §<br>INSURANCE COMPANY §<br>    *Defendant.* § | CIVIL ACTION NO. 1:23-cv-00479-RP |

## DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Nationwide General Insurance Company ("Nationwide") files this response to Plaintiff Wonsley Plaza, LLC's ("Plaintiff") Motion to Enforce Settlement Agreement (Doc. 16) and would respectfully show the Court as follows:

### I.   RELEVANT BACKGROUND

1. Plaintiff brings the instant motion in an effort to avoid its contractual obligation to a loss payee on an insurance policy. Plaintiff argues that the mortgage company listed in the insurance policy should not be included as a payee on settlement proceeds arising out of its insurance claim for property damage. Accordingly, Plaintiff's motion is more appropriately styled a motion to exclude the mortgage company as a payee to settlement proceeds.

2. This first-party insurance dispute stems from allegations concerning the alleged underpayment of a claim for damage to Plaintiff's commercial property (the "Property") pursuant to an insurance policy issued by Nationwide. (*See generally* Doc. 1-1, Plaintiff's Original Petition.) On December 14, 2023, the parties attended mediation which yielded a mediator's proposal that was subsequently accepted and signed by both parties (the "Settlement Agreement"). (*See* Doc. 15, Exhibit A, Signed Mediator's Proposal.) The Settlement Agreement stated, in pertinent part:

> Defendant pays Plaintiff . . . within 20 days of Plaintiff's execution of a confidential release and settlement agreement pursuant to which Plaintiff will fully release all claims that have been or that could have been asserted under the policy or in this lawsuit.

(*Id.* at p. 2 of 2.) Importantly, the Settlement Agreement did not impose an obligation on Nationwide to agree to exclude Plaintiff's mortgage company listed on the insurance policy as a loss payee. (*See generally id.*)

3. Soon thereafter, upon Nationwide's request, Plaintiff provided Nationwide with a written release from its public adjuster who maintained an interest in the settlement proceeds. Nationwide advised Plaintiff that, per the insurance policy, Plaintiff would need to obtain a release from its mortgage company, otherwise the mortgage company would need be included as a payee to the claim settlement proceeds. The relevant language from the subject insurance policy—language included in Nationwide's defenses to Plaintiff's allegations (*see* Doc. 15, Nationwide's First Amended Answer to Plaintiff's Original Petition, at p. 14 of 23)—explicitly states:

> **2. Mortgageholders**
> …
> b. We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.

(*Id.*) Included in the Declarations of the insurance policy is a "Mortgagee Assignment" which notates Plaintiff's mortgagee, "First Citizens Bank ISAO / ATIMA" ("<u>First Citizens Bank</u>"). (*See id.* at p. 9 of 23.)

4. This language contractually defines First Citizens Bank's rights to insurance proceeds in connection with its mortgage on the Property. In other words, the insurance policy does not allow for a claim payment to be made to Plaintiff without the inclusion of First Citizens Bank.

5.       Despite this, Plaintiff maintains that the Settlement Agreement's language providing that Nationwide will pay "Plaintiff" categorically excludes Nationwide's legal obligation to Plaintiff's mortgagee's financial interest in the settlement funds. (*See* Doc. 16 at p. 2 of 3.) As such, Plaintiff has refused to obtain a written release from the Property's mortgage holder authorizing it to be excluded from the settlement proceeds, and instead filed this motion. However, as set forth in more detail below, Texas law, the operative insurance policy, and the explicit terms of the Settlement Agreement negate Plaintiff's effort to exclude its mortgagee as a payee to the settlement proceeds, and Nationwide respectfully requests that the Court deny Plaintiff's motion.

## II.     STANDARD OF REVIEW

6.       In a case governed by diversity jurisdiction, such as this one, state law governs the construction of settlement agreements and their validity, and federal law governs the court's power to enforce those agreements. *See Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987); *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. 1980). Under federal law, courts retain the inherent power to enforce settlement agreements and will enforce them "[w]here a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants reputation of the agreement." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) (quoting *Lyles v. Comm. Loveland Motor Freight, Inc.*, 684 F.2d 501, 504 (7th Cir. 1982)).

## III.    ARGUMENT

**A.     <u>Texas law requires the protection of the mortgageholder's interest in the settlement proceeds</u>.**

7.       Nationwide has an obligation under Texas law to protect the Property's lienholders, including the mortgageholder, First Citizens Bank. Texas law directly supports the position that First Citizens Bank is required to be listed as a payee to settlement payment for Plaintiff's insurance claim. *See U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F. Supp. 2d 698, 704 (N.D.

3

Tex. 2006) (citing *Fireman's Fund Ins. Co. of Tex. v. Jackson Hill Marina, Inc.*, 704 S.W.2d 131, 136 (Tex. App. 1986, writ ref'd n.r.e.)) ("The purpose of the mortgagee clause in an insurance policy is to protect the lender who has lent money for the purchase of property."); *see also Pak-Petro, Inc. v. Am. Western Home Ins. Co.*, No. 1:12-CV-247, 2013 U.S. Dist. LEXIS 129834, at *20-21 (E.D. Tex. Aug. 15, 2013); *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 584 (Tex. App.—San Antonio 2002, pet denied.) (same). Indeed, the right of a mortgageholder to claim insurance proceeds derives from the nature of the insurance contract between the insurer and the insured. *See AmGuard Ins. Co. v. Lone Star Legal Aid*, No. H-19-2139, 2019 U.S. Dist. LEXIS 145275, at *5-6 (S.D. Tex. Aug. 27, 2019) (quoting *Helmer v. Tex. Farmers Ins. Co.*, 632 S.W.2d 194, 196 (Tex. App.—Fort Worth 1982) ("Under Texas law, the loss payable clause in an insurance contract ensures 'that the mortgagee, who has *advanced* money on the property, will be protected.'" (emphasis in original)); *see also Chartis Specialty Ins. Co. v. Tesoro Corp.*, 113 F. Supp. 3d 924, 937 (W.D. Tex. 2015) (quoting *Fidelity & Guaranty Ins. Corp. v. Super-Cold Sw. Co.*, 225 S.W.2d 924, 927 (Tex. Civ. App. 1949) ("It has been held many times by the courts of this state and practically every other state in this country that an agreement between a mortgagor and mortgagee under which the mortgagor is charged with the duty of procuring insurance upon the mortgaged property for the benefit of the mortgagee, will encumber the proceeds of any insurance so procured by the mortgagor with a lien in favor of the mortgagee.").

**B.     The subject insurance policy protects the mortgageholder's financial interest in the Property by requiring its inclusion as a loss payee to any claim settlement proceeds.**

8.     Here, the operative insurance policy complies with Texas law by promoting and protecting the interests of First Citizens Bank. *See Safeguard*, 422 F. Supp. 2d at 704. More specifically, the insurance policy does not allow for payment to be made without the inclusion of First Citizens Bank, the named mortgagee. (*See* Doc. 15 at p. 14 of 23) ("We will pay for covered

4

loss of or damage to buildings or structures *to each mortgageholder shown in the Declarations* in their order of precedence, as interests may appear.") (emphasis added)). And, until its mortgage is satisfied or released, only then, under Texas jurisprudence, would First Citizens Bank not be entitled to inclusion as a loss payee on the settlement payment. *See Campagna v. Underwriters at Lloyd's London*, 549 S.W.2d 17, 19 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.) (citing *Norwich Union Fire Ins. Soc., Ltd. v. Citizens' Building & Loan Ass'n*, 7 S.W.2d 144 (Tex. Civ. App.—Texarkana 1928, error refused) and 5a. J. Appleman, *Insurance Law and Procedure*, § 3403 (1970) ("A mortgagee's insurable interest under an insurance policy containing a mortgagee loss-payable clause is limited to the indebtedness which the mortgagor owes under the note and the mortgage.")).

9. By refusing to include First Citizens Bank in the entirety of the settlement proceeds, Plaintiff is impairing and impeding the mortgageholder's interests, and not only denying Texas law and policy, but also directly contravening the explicit terms of the insurance policy. Plaintiff's refusal also forces Nationwide to risk incurring multiple obligations if it issues any part of the settlement payment without including the lienholders as listed in the policy. *See e.g., McAllen Hospitals, LP v. State Farm County Mut. Ins. Co.*, 433 S.W.3d 535 (Tex. 2014); *ViewPoint Bank v. Allied Prop. & Cas. Co.*, 439 S.W.3d 626 (Tex. App.—Dallas 2014, pet. denied).

10. This Court handled a near-identical dispute in *Bat City Awards, Inc. v. Nationwide Property and Casualty Insurance Company*[1] where the plaintiff-insured moved to exclude the mortgage company as a loss payee on the settlement check after the defendant-insurer advised that

---

[1] Civil Action No. 1:19-cv-1014.

the mortgage company was required to be listed as a payee on the settlement proceeds.[2] In an order dated August 13, 2020, Judge Yeakel denied plaintiff's motion, and wrote:

> It is therefore, ORDERED that pursuant to the terms of the policy between Plaintiff and Nationwide, Plaintiff must provide drafting instructions to Nationwide which includes both [the mortgage companies] on the entirety of any settlement proceeds, or, in the alternative, that Plaintiff must provide a written release from both [mortgage companies] waiving their respective rights to be included on the settlement payment.[3]

Judge Rodriguez reached an analogous decision in *Dieterle v. Cincinnati Insurance Company*[4] after the plaintiff sought to enforce a settlement agreement that excluded the mortgage company because it "was not a party to th[e] litigation and had no interest in the final payment."[5] In a Text Order denying the plaintiff's motion to enforce, the Court wrote: "The Court ORDERS that any settlement check issued be payable to Plaintiff, Plaintiff's counsel, and the mortgagee[.]"[6]

11.     The United States District Court for the Eastern District of Louisiana also reached a similar conclusion in *Hurtado v. Riverside Court Condo. Ass'n Phase II, Inc*. *See* Case No. 07-8671-J, 2009 U.S. Dist. LEXIS 105337 (E.D. La. Oct. 28, 2009). There, the plaintiff-insureds moved to enforce a settlement agreement arguing that the defendant-insurer improperly listed the plaintiffs' mortgagee as a loss payee on the claim settlement check. *Id.* at *2-3. The parties reached their settlement during a conference with the court, but no mention of the mortgagee or a settlement release was read into the record. *Id.* at *3-4. The defendant-insurer argued in response to the

---

[2]   *See generally id.* (Doc. 17, Plaintiff's Motion to Exclude the Mortgage Company; Doc. 18, Nationwide's Response to Plaintiff's Motion to Exclude the Mortgage Company.).

[3]   *Id.* (Doc. 21, Order Denying Plaintiff's Motion to Exclude the Mortgage Company) (emphasis in original).

[4]   Case No. 5:22-cv-00835-XR.

[5]   *See id.* (Doc. 45, Plaintiff's Opposed Motion to Enforce Settlement Agreement at p. 3 of 9).

[6]   *Id.* (January 25, 2024 Text Order Denying Doc. 45, Plaintiff's Opposed Motion to Enforce Settlement Agreement) (emphasis in original).

plaintiffs' motion to enforce that, regardless of the terms set forth in the record, the subject insurance policy required the mortgagee to be listed as a payee on the settlement check. *Id.* at *3. The district court agreed and found that the defendant-insurer "acted properly" as the insurance policy required that any loss payable be paid to the plaintiffs *and* the mortgage company. *Id.* at *4-5. The district court further noted that, "[w]hile the amount to be paid is binding per the settlement conference, *it does not follow that the terms of the policy are no longer in effect*." *Id* at *5 (emphasis added). Finally, the court noted of importance that, had the defendant-insurer failed to include the mortgagee on the settlement check to the plaintiffs, it could be exposed to potential liability to the mortgagee. *Id.*

12. Like the defendant insurers in *Bat City Awards*, *Hurtado*, and *Dieterle*, Nationwide in this instance has acted in accordance with Texas law and the operative insurance policy by seeking to include First Citizens Bank on the settlement payment to Plaintiff absent a release from the mortgagee. *See Helmer*, 632 S.W.2d at 196 ("The policy, in case of loss or damage to the property, will pay to the extent of the mortgagee's interest in the property whatever that amount is so that the mortgagee, who has advanced money on the property, will be protected."). Nationwide's conduct ensures that First Citizens Bank's financial interest in the Property is protected. *See Lone Star Legal Aid*, 2021 U.S. Dist. LEXIS 231593, at *6.

13. For these reasons, Plaintiff's contention that the mortgagee be excluded from Nationwide's settlement payment in this matter is unsupported by Texas law and the operative insurance policy. Plaintiff should be ordered to comply with the terms of the insurance policy and include the Property's mortgageholder as a payee on settlement proceeds or, in the alternative, provide a written release from the mortgageholder disclaiming its interests in the proceeds.

**C.      Plaintiff's contentions are also not supported by the explicit terms of the Settlement Agreement.**

14.     The terms of the Settlement Agreement also do not support Plaintiff's position that the mortgage company be categorically excluded from its interest in the settlement proceeds. First and foremost, the Settlement Agreement includes no agreement that Nationwide would exclude First Citizens Bank from its protected legal interest in the Property. (*See generally* Doc. 16, Ex. A.) Plaintiff's counsel signed the Settlement Agreement without requesting any revisions or otherwise marking up the agreement to include such a provision. Nationwide in turn understood that Plaintiff had an obligation to protect its own lienholders and either include those lienholders on any settlement payment or obtain their release.

15.     Plaintiff, however, maintains that the provision "Defendant pays Plaintiff" in the Settlement Agreement somehow excludes the mortgage company's right to be included on the settlement payment. (*See* Doc. 16 at p. 2 of 3.) Plaintiff's interpretation is misguided because "Plaintiff", as used in the context of the Settlement Agreement, implies that payment will be made out to Plaintiff *and* the mortgageholder considering that the operative insurance policy requires it.

16.     The case *Lewis v. Safeco Ins. Co. of Ind.* is instructive on this issue. *See* Case No. 4:21-cv-00149-P, 2021 U.S. Dist. LEXIS 65489 (N.D. Tex. Apr. 5, 2021). There, the plaintiffs argued that because the property at issue had a mortgage and because the insurance policy required any first-party claim payment be made to both the insured *and* the mortgage company, any payment would not be paid "directly" to plaintiffs, so the plaintiffs' instant lawsuit was not a "claim" to which Section 542A of the Texas Insurance Code applied. *Id.* at *8. The district court disagreed and stated:

> The fact that a claim payment check would be made out to both the insured and the mortgagee does not mean that the claim is not paid *directly* to Plaintiffs—it is still a payment from point insurer to point insured without deviation. . . . However,

8

> pursuant to the terms of the instant policy, any claim payment check will be paid to the mortgagee and you, as interests appear. This qualifies as a payment made directly to the insured.

*Id.* at *12-13 (internal quotations and brackets omitted) (emphasis in original).

17. *Lewis* supports the proposition that any claim settlement payment to "Plaintiff" pursuant to the subject insurance policy encompasses the mortgageholder listed on the policy. Thus, the phrase "[Nationwide] pays Plaintiff" in this context implies that Nationwide is issuing the claim settlement payment to Plaintiff *and* the interested parties as they appear in the insurance policy—in this instance, Plaintiff's mortgagee, First Citizens Bank.

18. Plaintiff's argument that "Plaintiff" as used in the Settlement Agreement was not meant include the mortgageholder as a loss payee is further undercut by its own conduct post-settlement. For example, Plaintiff had no issue providing documentation from its public adjuster—who, like the mortgageholder, *also holds a financial interest in the settlement payment*—indicating that it could be left off the settlement check. (*See* Doc. 16, at p. 2 of 3.) Therefore, it is unclear how the term "Plaintiff" encompasses Plaintiff's public adjuster as an interested party to the settlement payment, but the mortgageholder, under Plaintiff's same logic, was not afforded the same protection. These circumstances underscore Plaintiff's baseless desire to exclude First Citizens Bank from being included as a loss payee on the settlement payment.

19. Even if, for the sake of argument, the term "Plaintiff" was interpreted to mean *just* Plaintiff, as Plaintiff contends, no other parties, *including Plaintiff's counsel*, would be entitled to be included as a loss payee on the settlement payment. That construction contradicts Plaintiff's own position because Plaintiff's counsel requested it be included on the settlement payment along with his client. This position also contradicts Texas jurisprudence, which serves to protect lienholder interests. *See Fireman's Fund*, 704 S.W.2d at 136; *Lone Star Legal Aid*, 2019 U.S. Dist.

LEXIS 145275, at *6. Moreover, by reading the term "Plaintiff" to mean *just* Plaintiff, the Court's interpretation would also undermine the terms of the insurance policy, which requires that Plaintiff's mortgageholder be included a loss payee on any settlement payment. In other words, Plaintiff's interpretation would render the mortgageholder provision in the policy null.

## IV.    CONCLUSION & PRAYER

20.    Texas law, the operative insurance policy, and the explicit terms of the Settlement Agreement support that the Property's mortgagee, First Citizens Bank, must be included as a loss payee on the settlement payment in this case. Plaintiff's attempt to exclude the interests of mortgageholder First Citizens Bank should not be entertained by the Court. Nationwide, therefore, requests the Court to order Plaintiff to comply with the insurance policy's terms and include the Property's mortgageholder as a payee on settlement proceeds in this case or provide a written release from the mortgageholder disclaiming its interests in the proceeds.

WHEREFORE, PREMISES CONSIDERED, Nationwide respectfully requests that the Court DENY Plaintiff's Motion to Enforce Settlement Agreement and order that the listed mortgage company be listed as a payee on the settlement payment in this case.

*Signatures on following page.*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 26th day of January, 2024 to:

David M. Anderson
Stephen P. Carrigan
Carrigan & Anderson, PLLC
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
wwatson@ccatriallaw.com
rkubik@ccatriallaw.com
egutierrez@cctriallaw.com

Stephen J. Novosad
The Novosad Law Group, PLLC
54 Sugar Creek Center Blvd., Ste. 309
Sugar Land, Texas 77478
stephen@novosadlawgroup.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp